Per curiam

It is alleged that the bill of sale to Worseley is fraudulent, and if it is, the law says it is void. It is not sufficient however to allege fraud — it must be proven either positively and directly, or by circumstances, which is the most usual way, there seldom being any direct proof of fraud to be had. There is no positive proof of fraud on the part of Worseley, but circumstances tend that way : he did not take the negro into possession, lie remained with Lucas, though the sale purports to be an absolute one. No other evidence offers any substantial *479 reason in explanation of this circumstanre. Lucas also kept possession after the bill of sale to Rayford, hot the cause of this is explained. It is not proved that Worsdey gave any valuable- consideration, though it is pro\ed on the part of Rayford. Worseley’s deed though purporting to he dated so long before Rayford’s, is not admitted to registration till after ; which circumstance added to the proof of Lucas’s offering to antedate, if his bail would not surrender him, weighs something. Th<> jury found for the Plaintiff, and there was a motion for a new trial $ but the court being satisfied with the verdict, refused it.
Note. — Where the possession does not accompany and follow the title, the transaction is fraudulent in law. Gaither v. Mumford, N. C. Term Rep. 167. But several cases, both before and after 'hat case hold that such possession is only evidence of fraud ; see Cox v. Jackson, post 423. Ingles v. Donaldson, 2 Hay. 57. Vick v. Keys, Ibid. 126. Falkner v Perkins, Ibid 224. Bell v. Blaney, 2 Murph. 171. Trotter v. Howard, 1 Hawks 320. Smith & Stanly v. Niel & others, Ibid. 341.— Howell v. Elliott, 1 Dev. Rep. 76.